HELEN A. FOGARTY, as Executrix of JAMES FOGARTY, Deceased, Plaintiff, v. OTTILIE E. ROSS, Defendant.

Supreme Court, Special Term, New York County, March 16, 1943.

*Weller, Rogers, Bergen & Rochford* for plaintiff.

*Junius P. Abramson* for defendant.

STEUER, J. The motion is for summary judgment in an action for an unpaid balance on a bond given to secure a second mortgage. The answer sets out two documents extending the time of payment provided for under the original bond. As to the earlier of these, plaintiff asserts that it was merely an offer and was never accepted. The second, dated January 3, 1933, appears on its face to have been accepted. By the terms of this agreement, plaintiff's testator agreed to defer payments of the principal of the bond to certain named dates. It requires all the other terms of the bond to be complied with and provides that defendant is to use her best efforts to obtain a new first mortgage, and, if she succeeds, to use the funds so realized to pay off the second mortgage. No payments were made on the new due dates, nor was a new first mortgage obtained. Whether efforts were made to secure one does not appear.

The original bond was under seal. The Statute of Limitations will not run against it until July 1, 1944 (Civ. Prac. Act, §§ 47, 47-a). The modification letter above summarized is not under seal. Rights under it were barred on July 1, 1942 (Civ. Prac. Act, § 48), two days before the action was begun.

It is claimed that the original bond is in effect (and the complaint is predicated upon it) because the subsequent agreement did not abrogate its terms and because the terms of the subsequent agreement were not complied with. Neither of these claims is sound. Defendant would not have been in default under the original agreement had she made payments as required by the modification agreement. It is inconsequential whether the modification agreement be regarded as a waiver of certain terms in an agreement otherwise vital or as a new agreement incorporating by reference many of the terms of the old, and otherwise abrogating it. The obligation sought to be enforced is the term governed by the modification agreement. The fact that the modification agreement was not complied with does not affect its validity. None of the terms are stated to be conditions precedent to its coming into being.

As the defense of limitations is not met, the motion must be denied.